UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
: 
BIOREFERENCE HEALTH, LLC,                                          :
:
                      Plaintiff,                            :
:   Case No.
      - against -                                              :
:   **COMPLAINT**
BROOKLYN UNITED METHODIST CHURCH                                   :
HOME,                                                              :
:
                      Defendant.                            :
:
:
------------------------------------------------------------------ x

        Plaintiff BioReference Health, LLC ("BioReference"), for its Complaint against defendant Brooklyn United Methodist Church Home ("Client"), alleges as follows:

## NATURE OF THE ACTION

        1.    In this action, BioReference seeks to collect from Client fees in the amount of $328,370.00 for COVID-19 tests BioReference performed pursuant to a binding contract. There is no dispute that BioReference rendered these services. Nor is there any dispute that Client owes BioReference the amount in question. Client simply refuses to pay.

        2.    This dispute is governed by the COVID-19 Testing Agreement for New York Nursing Home Employees (the "Agreement"), dated on or about May 27, 2020, during a bleak time in New York's fight against COVID-19. Client and BioReference entered into the Agreement following a government order mandating that all assisted living facilities test their employees twice a week.

        3.    BioReference has upheld its end of the bargain and has provided the requested testing for Client. In response, however, Client has refused to pay BioReference what it is owed.

3671523.1

4. Because Client refuses to fulfill its payment obligations BioReference had no choice but to bring the instant action.

## THE PARTIES

5. BioReference is a limited liability company organized under the laws of Delaware, with its principal place of business at 481 Edward H. Ross Dr., Elmwood Park, New Jersey 07407-3128. BioReference is a clinical testing laboratory offering testing, information and related services to physician offices, clinics, hospitals, nursing homes, employers and governmental units. BioReference has supported New York State by providing testing for the first public drive-through testing collection facility set up on the East Coast, a model which was then replicated at dozens of other locations throughout the state. BioReference, in partnership with the State of New York, also initially offered 5,000 COVID-19 swab tests a day at additional satellite testing sites and has since increased the daily capacity significantly to address emerging needs and demand. The sole member of BioReference is GeneDx Holding 1, Inc., which is incorporated under the laws of the State of Delaware and which has its principal place of business in Miami, Florida.

6. Upon information and belief based on public filings with the New York Secretary of State, Division of Corporations, Client is a not-for-profit corporation organized under the laws of New York, with its principal place of business at 1485 Dumont Avenue, Brooklyn, New York 11208.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

3671523.1

8. This Court has personal jurisdiction over Client pursuant to CPLR 301 because its principal place of business is in New York.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because, *inter alia*, a substantial part of the events or omissions giving rise to the claims in this action occurred in this District and Client resides in this District.

## FACTUAL ALLEGATIONS

### Client Contracts with BioReference to Provide COVID-19 Testing

10. On May 10, 2020, amid the height of the unprecedented COVID epidemic in New York, Governor Andrew Cuomo ordered "nursing homes and all adult care facilities . . . to test or make arrangements for the testing of all personnel, including all employees, contract staff, medical staff, operators and administrators, for COVID-19, twice per week" (the "Executive Order"). The penalty for failing to comply with the Executive Order included steep fines, and in some cases, the suspension or revocation of a facility's operating license.

11. BioReference is a provider of comprehensive testing services. Many nursing homes and laboratories contracted with BioReference to perform crucial COVID-19 testing to ensure the health and safety of nursing home residents—one of the most vulnerable populations during the pandemic. Client, a nursing home, sought BioReference's crucial services.

12. On or around May 28, 2020, Client and BioReference[1] entered into the Agreement. A true and correct copy of the Agreement is attached as Exhibit A hereto. Pursuant

---

[1] The Agreement was executed by BioReference Laboratories, Inc., which is the predecessor-in-interest to plaintiff BioReference Health, LLC. For ease of reference, the term "BioReference" is used throughout this Complaint.

to the Agreement, BioReference agreed to "perform, upon request by Client and to the extent within its capabilities, COVID-19 Tests for Tested Persons." *See* Ex. A § 1.1.

13. The Agreement provided that "Laboratory shall bill for COVID-19 Tests performed pursuant to this Agreement in one of two manners." *See id.* § 3.1. First, "Laboratory shall bill and collect from the Tested Person's third-party payer, provided that Client provides Laboratory with all information necessary for Laboratory to bill such payer, including the information set forth on Exhibit A. . . . In the event Client does not provide this information to Laboratory with the order and the specimen, or if the Tested Person's third party payer does not reimburse Laboratory for the Diagnostic Test, or if the State Directive expires, Laboratory shall bill Client and Client shall pay Laboratory for such Diagnostic Tests pursuant to Section 3.3 below." *See id.* § 3.2. Section 3.3 provides, in pertinent part, that "Client shall pay Sixty-Five Dollars ($65) for each specimen submitted for the Diagnostic Test."

14. The Agreement provides that "[t]he laws of the State of New Jersey shall govern the terms of this Agreement." *See id.* § 5.11.

**BioReference Performs Pursuant to the Agreement**

15. Beginning in the summer of 2020, Client began sending BioReference specimens for testing, and BioReference performed the requested testing on the specimens and provided the test results to Client.

16. Client failed to provide third-party payer information for tests performed on its employees. Accordingly, pursuant to Section 3.3 of the Agreement, Client is responsible for paying for the testing performed on its employees.

**Client Breaches the Agreement by Failing to Pay Amounts Owed to BioReference**

17. As detailed in the schedule appended hereto at Exhibit B, BioReference sent invoices to Client between August 2020 and December 2021 for tests performed pursuant to the Agreement.

18. BioReference billed Client $328,370.00 pursuant to the Agreement.

19. BioReference has contacted Client multiple times concerning the outstanding payments, but Client has failed to pay.

## FIRST CLAIM FOR RELIEF
### Breach of the Agreement

20. BioReference repeats and re-alleges the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

21. BioReference and Client entered into the Agreement which is a binding and valid contract.

22. BioReference performed its obligations under the Agreement by performing the COVID-19 tests.

23. Client failed to provide BioReference with information necessary to bill any third-party payer for the COVID-19 tests.

24. Client is therefore obligated pursuant to the Agreement to make the payments called for in the invoices issued by BioReference.

25. Client has failed to make payment to BioReference, in breach of the Agreement, causing BioReference injury.

26. By reason of the foregoing, BioReference is entitled to a judgment awarding it damages in an amount to be determined at trial, but not less than $328,370.00, plus pre- and post-judgment interest.

## SECOND CLAIM FOR RELIEF
### Account Stated

27. BioReference repeats and re-alleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

28. BioReference sent invoices to Client between August 2020 and December 2021 that together sought payment of $328,370.00 for COVID-19 tests that BioReference performed. The invoices were accepted as correct because Client did not dispute that it owed BioReference $328,370.00.

29. Client promised to pay BioReference through the Agreement.

30. By reason of the foregoing, BioReference is entitled to a judgment awarding it damages in an amount to be determined at trial, but not less than $328,370.00, plus pre- and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, BioReference Health, LLC prays that judgment be awarded in its favor and against Defendant Brooklyn United Methodist Church Home as follows:

(a) A judgment against Brooklyn United Methodist Church Home for damages in an amount to be determined at trial, but in any event no less than $328,370.00, plus pre- and post-judgment interest;

(b) Attorneys' fees and costs of suit; and

(c) Such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
October 31, 2022

          FRIEDMAN KAPLAN SEILER &
            ADELMAN LLP

          */s/ Eric Corngold*
          Eric Corngold (ecorngold@fklaw.com)
          Priyanka Wityk (pwityk@fklaw.com)
          Jacob Lewis (jlewis@fklaw.com)
          7 Times Square
          New York, NY 10036-6516
          (212) 833-1100

          *Attorneys for Plaintiff BioReference Health, LLC*